**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No.  23-cr-00430-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. VICTOR ORTEGA-ORTIZ,
2. GUSTAVO ORTEGA-ORTIZ,
3. JOSE EDUARDO ORTEGA-ANOTA,
4. JOSE LUIS ORTEGA-ORTIZ,
5. JUVENAL MARTIN GOMEZ,
6. DAVID VAZQUEZ ESPINOZA,

    Defendants.

**INDICTMENT**

The Grand Jury charges:

## COUNT 1

From in and at least sometime in 2021, up to and including on or about June 29, 2022, in the State and District of Colorado and elsewhere, the defendants, VICTOR ORTEGA-ORTIZ, GUSTAVO ORTEGA-ORTIZ, JOSE EDUARDO ORTEGA-ANOTA, JOSE LUIS ORTEGA-ORTIZ, JUVENAL MARTIN GOMEZ, and others both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree, with interdependence, to distribute and possess with the intent to distribute 500 grams and more of a mixture and substance containing a detectable

amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii).

All in violation of Title 21, United States Code, Section 846.

## COUNT 2

From in and at least sometime in 2022, the exact date being unknown to the Grand Jury, and continuously thereafter up through and including June 29, 2022, in the State and District of Colorado and elsewhere, the defendants, JUVENAL MARTIN GOMEZ and DAVID VAZQUEZ ESPINOZA, and others both known and unknown to the Grand Jury, did knowingly combine, conspire, and agree, with interdependence, to commit and attempt to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(1) to transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A); and

(2) to transport, transmit, and transfer and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or

transfer is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity and to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i) and 1956(a)(2)(B)(ii).

All in violation of Title 18, United States Code, Section 1956(h).

### *MANNER AND MEANS*

- It was part of the conspiracy for its members, acting interdependently, to arrange for the movement of funds derived from the distribution of controlled substances in Colorado, as charged in Count 1, to Mexico.

- It was further part of the conspiracy for its members, acting interdependently, to have JUVENAL MARTIN GOMEZ and DAVID VAZQUEZ ESPINOZA collect the funds, in part or in whole, for transportation to the U.S. border with Mexico.

- It was further part of the conspiracy for its members, acting interdependently, to move said funds from Colorado to the border with Mexico where it could be broken up into separate bundles of $10,000 or less for transportation across the border to avoid reporting requirements.

- It was further part of the conspiracy for its members, acting interdependently, to move cash funds into Mexico by smuggling them as undeclared bulk cash shipments.

- It was further part of the conspiracy for its members, acting interdependently, to contact individuals uninvolved with the narcotics transactions, to include Lupita Padilla, to have those individuals claim the funds were legitimately acquired.

3

- It was further part of the conspiracy for its members, acting interdependently, to conduct the acts of transportation, splitting, and crossing the U.S.-Mexico border with funds with the purpose of concealing the identity of the person ultimately receiving the benefit of the funds, to include an unknown individual named "Guero".
- It was further part of the conspiracy for its members, acting interdependently, to launder these proceeds to Mexico to facilitate the continued distribution of controlled substances in Colorado, as charged in Count 1.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 3

On or about October 27, 2021, in the State and District of Colorado, the defendant JOSE EDUARDO ORTEGA-ANOTA did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 4

On or about November 18, 2021, in the State and District of Colorado, the defendant VICTOR ORTEGA-ORTIZ did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 5

On or about January 27, 2022, in the State and District of Colorado, the defendant VICTOR ORTEGA-ORTIZ did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 6

On or about May 6, 2022, in the State and District of Colorado, the defendant JOSE EDUARDO ORTEGA-ANOTA did knowingly and intentionally distribute and possess with intent to distribute 500 grams and more of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(ii).

## COUNT 7

On or about May 10, 2022, in the State and District of Colorado, the defendant JOSE LUIS ORTEGA-ORTIZ did knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT 8

On or about June 16, 2022, in the State and District of Colorado, the defendants, DAVID VAZQUEZ ESPINOZA and JUVENAL MARTIN GOMEZ, did knowingly and intentionally transport, transmit, and transfer and attempt to transport, transmit, and transfer funds, that is, $39,850 in United States Currency, from a place in the United States, that is, Colorado, to a place outside the United States, that is, Mexico, (a) with the intent to promote the carrying on of specified unlawful activity, that is a conspiracy to distribute and possess with intent to distribute cocaine; and (b) knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity and to avoid a transaction reporting requirement under State or Federal law.

All in violation of Title 18, United States Code, Sections 1956(a)(2)(A), 1956(a)(2)(B)(i), 1956(a)(2)(B)(ii), and 2 (aiding and abetting).

## FORFEITURE ALLEGATION

1.      The allegations contained in count 1 through 8 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853 and Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of the violations alleged in Count 1 or any of Counts 3 through 7 of this Indictment involving violations of Title 21, United States Code, Section 841(a)(1) and 846 the defendants, VICTOR ORTEGA-ORTIZ, GUSTAVO ORTEGA-ORTIZ, JOSE EDUARDO ORTEGA-ANOTA, JOSE LUIS ORTEGA-ORTIZ, JUVENAL MARTIN GOMEZ, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all of the defendants' right, title and interest in all property constituting and derived from any proceeds obtained directly and indirectly as a result of such offense, and in all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

3. Upon conviction of the violations alleged in Counts 2 or 8 of this Indictment involving violations of Title 18, United States Code, Section 1956(a)(2)(A), (a)(1)(B)(i), 1956(a)(2)(B)(ii), and 1956(h), the defendants, JUVENAL MARTIN GOMEZ and DAVID VAZQUEZ ESPINOZA, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offense, or any property traceable thereto.

4. If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

<u>Ink signature on file in Clerk's Office</u>
FOREPERSON

COLE FINEGAN
United States Attorney

By: <u>s/Dustin Andre-Vandenberg</u>
Dustin André-Vandenberg
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste. 1600
Denver, CO 80202
Telephone: 303-454-0117
E-mail:  dustin.andre-vandenberg@usdoj.gov
Attorney for Government